IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **G&G CLOSED CIRCUIT EVENTS LLC,** as Broadcast Licensee of the September 16, 2017 Gennady Golovkin v Saul Alvarez IBF World Middleweight Championship Fight Program,<br><br>Plaintiff,<br><br>v.<br><br>**LINARES GUANAJUATO, INC.,** individually and d/b/a Linares Guanajuato d/b/a Taqueria Linares; and **JUAN ORONA** individually d/b/a Linares Guanajuato d/b/a Taqueria Linares,<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§§  Civil Action No. **3:20-CV-2835-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Default Judgment (Doc. 10), filed January 9, 2021. After carefully considering the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Final Default Judgment (Doc. 10).

**I.     Background**

G&G Closed Circuit Events LLC ("G&G" or "Plaintiff") sued Linares Guanajuato, Inc. individually, and d/b/a Linares Guanajuato d/b/a Taqueria Linares ("Linares"); and Juan Orona individually and d/b/a Linares Guanajuato d/b/a Taqueria Linares ("Orona") (collectively, "Defendants") in this action. Plaintiff sued Defendants for alleged violations of 47 U.S.C. §§ 553 and 605. G&G contends that Defendants illegally intercepted the closed-circuit telecast of the September 16, 2017 Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program (the "Event") and exhibited the Event in Defendants' commercial establishment,

**Memorandum Opinion and Order – Page 1**

Linares Guanajuato d/b/a Taqueria Linares, located at 1101 S. Haskell Avenue, Dallas, Texas 75223. According to G&G, Defendants did not pay the required licensing fee to G&G and did not receive its authorization to show the Event. The Summons and Complaint were served on Defendants on October 29, 2020. The deadline for Defendants to answer or otherwise respond was 21 days after service, which was November 19, 2020. *See* Fed. R. Civ. P. 12. Despite being served, Defendants, as of the date of this opinion and order, have not served an answer or otherwise responded to Plaintiff's Original Complaint ("Complaint").

G&G was the exclusive licensee through a licensing agreement, and Defendants did not have authorization from G&G to show the Event at its establishment. Plaintiff possessed the proprietary right to exhibit and sublicense the Event through a licensing agreement with the promoter of the Event. As such, G&G was licensed to show the Event at closed-circuit locations throughout the state of Texas, and the Event was legally available to a commercial establishment in Texas only if the commercial establishment had an agreement with G&G. No agreement between G&G and Defendants existed that would have allowed Defendants to broadcast the Event to patrons at Defendants' establishment. On September 16, 2017, Defendants intercepted, or assisted in the interception of, the transmission of the Event and broadcast or aired it for viewing by the patrons of Defendants' establishment. Plaintiff's auditor observed the Event being telecast on multiple televisions, including a large projection screen television, to the patrons inside of Defendants' establishment.

**II.     Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v.*

**Memorandum Opinion and Order – Page 2**

*Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against Defendants.

Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* (citation omitted).

Further, based upon the record, evidence, and applicable law, the court concludes that Defendants have violated 47 U.S.C. §§ 553 and 605, that G&G is an aggrieved party under the statute, and that it is entitled to statutory damages and reasonable attorney's fees for Defendants' statutory violations. Accordingly, the court determines that Defendants are liable to G&G in the amount of $5,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and G&G shall recover this amount from Defendants. Further, the court determines that an additional $25,000 shall be awarded to G&G, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), because the record reflects that Defendants' actions were willful and for the purpose of direct or indirect commercial advantage or private financial gain. Moreover, the court determines that such damages are necessary to deter Defendants and other commercial establishments and entities from pirating or stealing protected communications.

The court also concludes that G&G is entitled to reasonable attorney's fees; however, the court disagrees that reasonable attorney's fees should be based on 33 1/3 percent of the damages

**Memorandum Opinion and Order – Page 3**

awarded. The court does not believe that such a fee is reasonable under the circumstances of the case. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, should apply in this case. The lodestar method adequately compensates Plaintiff's counsel, Mr. David M. Diaz, in this case for legal services performed. Plaintiff's counsel estimates that he has expended approximately four hours on this litigation and believes that a blended hourly rate of $300 is reasonable for antipiracy litigation, considering his firm's experience with antipiracy cases. The court is familiar with Plaintiff's counsel's law firm and agrees that an hourly rate of $300 is certainly reasonable under the circumstances of this case. The court has awarded $250 per hour for several years in prior cases handled by Mr. Diaz, and it believes that a more appropriate current rate is $300 per hour. Accordingly, the court awards Plaintiff $1,200 as reasonable attorney's fees in this case. The court declines to award attorney's fees for postjudgment work, including appellate matters, as the amount of such fees is speculative and unknown. If additional hours are expended postjudgment, Plaintiff will have an opportunity to seek such fees.

### III.   Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment (Doc. 10). As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment against Defendants and in favor of G&G in the total amount of $31,200, which consists of $5,000 as statutory damages; $25,000 additional statutory damages; and $1,200 as reasonable attorney's fees. Postjudgment interest will accrue on the judgment at the applicable federal rate of **.10 percent** from the date of its entry until it is paid in full.

**It is so ordered** this 13th day of January, 2021.

                                            Sam A. Lindsay
                                            United States District Judge